IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:19-cv-322 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD KUHN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT FOR PERMANENT INJUNCTION AND FOR OTHER RELIEF**

Plaintiff, the United States of America, alleges as follows:

1.     This is a civil action in which the United States seeks to (i) reduce to judgment certain of defendant Edward Kuhn's Form 1040 (U.S. Individual Income Tax Return) tax liabilities, (ii) reduce to judgment certain of defendant Kuhn's Form 941 (Employer's Quarterly Federal Tax Return) tax liabilities, and (iii) obtain a permanent injunction requiring Kuhn to comply with federal tax laws by timely depositing employment and unemployment taxes and filing Forms 940 and 941 with the IRS.

2.     This action is commenced at the request and with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General pursuant to 26 U.S.C § 7401.

**Jurisdiction and Venue**

3.     This Court has jurisdiction over this case pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

4.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because defendant, Edward Kuhn, resides in Stockbridge, Wisconsin, which is within the Eastern District

of Wisconsin, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## Parties

5.      Plaintiff is the United States of America.

6.      Defendant Edward Kuhn operates a millwright business as a sole proprietorship. The business sells scrap metal and dismantles, assembles, and removes machinery in factories and construction sites. Beginning in approximately 2011 and continuing to the present, Kuhn has employed others in his millwright business.

## Count I – Reduce Unpaid Income Tax Liabilities to Judgment

7.      For the tax types and tax periods set forth in the table below, a delegate of the Secretary of the Treasury made the following assessments against Kuhn for Form 1040 income tax and interest, as well as penalties. The following balances are due, after accounting for any costs, fees, accruals, payments, levies, credits, and abatements:

| Tax Period Ending | Assessment Date | Assessed Amount | Balance (including statutory accruals as of February 6, 2019) |
|---|---|---|---|
| 2009 | May 31, 2010 | $13,402.38 | $15,535.52 |
|  | April 30, 2012 | $1,439.11 |  |
|  | May 6, 2013 | $750.84 |  |
|  | April 28, 2014 | $2,639.72 |  |
|  | October 17, 2016 | $1,543.03 |  |
|  | October 16, 2017 | $667.34 |  |
| 2010 | November 17, 2014 | $6,121.32 | $6,864.16 |
|  | October 17, 2016 | $478.42 |  |
|  | October 16, 2017 | $252.15 |  |
| 2011 | May 30, 2016 | $28,048.00 | $41,457.60 |
|  | August 15, 2016 | $4,243.40 |  |
|  | October 16, 2017 | $4,678.13 |  |
| 2012 | April 25, 2016 | $7,671.26 | $9,000.66 |
|  | October 16, 2017 | $788.81 |  |
| 2013 | June 13, 2016 | $1,205.00 | $4,833.90 |
|  | July 18, 2016 | $2,710.32 |  |
|  | October 16, 2017 | $537.24 |  |

| 2014 | April 3, 2017 | $13,787.55 | $16,287.51 |
|---|---|---|---|
| | | **TOTAL** | **$93,979.35** |

8. The IRS calculated the tax assessments described in paragraph 7 above based on the tax amounts reported by Kuhn on his Forms 1040 for each year except 2013.

9. For tax year 2013, in addition to the amount reported by Kuhn, the IRS made a tax assessment based on the information reported by third parties to the IRS about Kuhn.

10. A delegate of the Secretary of the Treasury gave Kuhn notice and made demand for payment of the unpaid taxes described in paragraph 7 above.

11. Despite notice and demand, however, Kuhn has failed, neglected, or refused to fully pay the liabilities described in paragraph 7 above. Kuhn remains indebted to the United States in the amount of $93,979.35, plus statutory additions, including interest, that continue to accrue.

### Facts Common to Counts II and III

12. Kuhn has employees to whom he pays wages. As an employer, Kuhn is subject to the federal employment and unemployment tax obligations imposed by the Internal Revenue Code, including the duties to:

a. withhold federal income and the employee portion of Federal Insurance Contributions Act (FICA) and Medicare taxes from his employees' wages, *see* 26 U.S.C. §§ 3102 and 3402;

b. pay over to the Internal Revenue Service the amounts withheld from his employees' wages, along with the employer's own FICA and Medicare taxes (collectively, "employment taxes"), *see id*. §§ 3111(a), (b), and 3403;

3

c. make periodic deposits of the employment taxes in an appropriate federal depository bank in accordance with the federal deposit regulations, *see id.*, at § 6302; 26 C.F.R. §§ 31.6302-14, 31.6302(c)-3;

d. report the employment taxes and file a Form 941 (Employer's Quarterly Federal Tax Return) to the IRS on a quarterly basis, along with any unpaid employment tax balance not already deposited, *see* 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)-1;

e. pay over to the IRS Federal Unemployment Tax Act (FUTA) taxes ("unemployment taxes"), *see* 26 U.S.C. § 3301; and

f. report these unemployment taxes and file a Form 940 (Employer's Annual Federal Unemployment Tax Return) to the IRS on an annual basis, *see* 26 U.S.C. § 6011; 26 C.F.R. § 31.6011(a)-3.

13. Beginning in 2011 and continuing to the present, for his millwright business, Kuhn has repeatedly failed to fully and timely pay his employment and unemployment tax obligations. And Kuhn stopped filing the required Forms 940 and 941 in late 2017.

14. Kuhn has engaged, and continues to engage, in an activity known as "pyramiding," whereby a business repeatedly withholds income, FICA, and Medicare taxes from his employees' wages but fails to remit those taxes to the IRS as mandated by law, resulting in an ever-increasing unpaid tax liability.

15. As a result of his employment and unemployment tax delinquencies, Kuhn routinely incurs penalties for his failure to timely pay his tax obligations and for submitting payments that bounce for insufficient funds.

4

16.     Beginning in February 2013, an IRS Revenue Officer was assigned to try to collect Kuhn's unpaid employment and unemployment tax liabilities and bring him into compliance with the federal tax laws.

17.     In an effort to collect the unpaid tax and stop Kuhn from pyramiding employment taxes, the IRS has:

    a.  filed notices of federal tax liens with Calumet County;

    b.   spoken with Kuhn about his employment and unemployment tax liabilities and advised him on how to bring his business into compliance;

    c.  provided Kuhn with IRS Letter 903 in September 2014 and November 2017, which placed him on notice that if he continued to fail to comply with his employment tax obligations, the IRS might pursue a suit for civil injunction;

    d.  issued approximately 130 levies to Kuhn's banks and customers which generated over $300,000 and satisfied Kuhn's (1) employment tax liabilities for the third and fourth quarters of 2011, all four quarters of 2012 and 2013, and the second and third quarters of 2014 and (2) unemployment tax liabilities for 2011, 2012, and 2016, but the levies have not resulted in full payment of Kuhn's remaining employment and unemployment liabilities; and

    e.  negotiated an installment payment agreement with Kuhn, whereby Kuhn was to become compliant with his employment and unemployment tax liabilities going forward and make monthly payments towards the balance he owed.

18.     Despite the IRS's collection efforts, Kuhn continues to incur additional employment tax liabilities and, in late 2017, Kuhn stopped filing Form 940 and 941 tax returns.

5

Also, Kuhn chose not to adhere to the installment payment agreement by failing to stay compliant and failing to make his monthly payments.

19.    Kuhn's noncompliance with his federal employment and unemployment tax obligations for his millwright business has resulted in an amount due that exceeds $365,000 as of February 6, 2019.

20.    The IRS is unable to stop Kuhn's pyramiding liabilities because (1) the IRS's most recent levies have produced minimal funds that cannot keep pace with the mounting liabilities, and (2) the IRS has been unable to locate property belonging to Kuhn with sufficient value to make seizure worthwhile.

21.    In addition to the millwright business, Kuhn solely owned a limited liability company that operated a restaurant that is now defunct. The restaurant business, like Kuhn's millwright business, failed to timely and fully comply with its employment and unemployment tax obligations and has an unpaid balance totaling approximately $30,000.

22.    Considering Kuhn's history, he will not make the necessary effort to become compliant, absent a court order compelling him to do so.

**Count II – Reduce Unpaid Tax Liabilities to Judgment – Form 941**

23.    The United States incorporates by reference the allegations in paragraphs 1-6 and 12-22 as if fully set forth herein.

24.    For the tax types and tax periods set forth in the table below, a delegate of the Secretary of the Treasury made the following assessments against Kuhn for Form 941 tax and interest, as well as failure to deposit and pay penalties, regarding Kuhn's millwright business. The following balances are due, after accounting for all costs, other penalties, fees, accruals, payments, levies, credits, and abatements:

| Tax Period Ending | Assessment Date | Assessed Amount | Balance (including statutory accruals as of February 6, 2019) |
|---|---|---|---|
| March 31, 2014 | April 13, 2015 | $41,249.89 | $41,706.39 |
| | May 18, 2015 | $1,716.43 | |
| | November 14, 2016 | $7,469.33 | |
| | November 13, 2017 | $2,200.21 | |
| December 31, 2014 | February 23, 2015 | $16,222.93 | $19,467.39 |
| | June 8, 2015 | $1,501.16 | |
| | November 14, 2016 | $3,970.24 | |
| | November 13, 2017 | $1,511.30 | |
| March 31, 2015 | May 25, 2015 | $16,737.60 | $24,406.98 |
| | June 29, 2015 | $879.84 | |
| | November 14, 2016 | $3,354.99 | |
| | November 13, 2017 | $1,989.11 | |
| June 30, 2015 | August 24, 2015 | $26,024.61 | $38,038.77 |
| | September 28, 2015 | $1,369.08 | |
| | November 14, 2016 | $4,318.47 | |
| | November 13, 2017 | $3,765.74 | |
| September 30, 2015 | November 23, 2015 | $27,575.22 | $37,829.01 |
| | December 28, 2015 | $1,371.71 | |
| | November 13, 2017 | $7,516.22 | |
| December 31, 2015 | February 22, 2016 | $13,093.39 | $17,562.63 |
| | March 28, 2016 | $638.72 | |
| | November 13, 2017 | $3,071.26 | |
| March 31, 2016 | May 23, 2016 | $10,707.92 | $15,400.99 |
| | June 27, 2016 | $573.92 | |
| | November 13, 2017 | $2,300.50 | |
| June 30, 2016 | August 22, 2016 | $24,537.72 | $34,701.76 |
| | September 26, 2016 | $1,314.42 | |
| | November 13, 2017 | $4,319.22 | |
| September 30, 2016 | November 21, 2016 | $35,355.61 | $49,291.77 |
| | December 26, 2016 | $1,894.00 | |
| December 31, 2016 | February 27, 2017 | $19,107.64 | $26,173.87 |
| | April 3, 2017 | $1,109.54 | |
| March 31, 2017 | May 22, 2017 | $15,423.57 | $7,804.48 |
| | June 26, 2017 | $301.21 | |
| June 30, 2017 | August 21, 2017 | $24,617.75 | $28,385.27 |
| | September 25, 2017 | $1,171.97 | |
| September 30, 2017 | November 27, 2017 | $22,189.90 | $27,897.49 |
| | January 1, 2018 | $1,288.47 | |
| | | **TOTAL** | **$368,666.80** |

25.     The IRS calculated the tax assessments described in paragraph 24 above based on the tax amounts reported by Kuhn on the Form 941 tax returns he filed for each tax period except March 31, 2014.

26.     For the March 31, 2014 tax period, Kuhn did not file a Form 941 return. As a result, the IRS prepared a return on his behalf with information it obtained from the previous quarter's filing.

27.     A delegate of the Secretary of the Treasury gave Kuhn notice and made demand for payment of the unpaid taxes described in paragraph 24 above.

28.     Despite notice and demand, however, Kuhn has failed, neglected, or refused to fully pay the liabilities described in paragraph 24 above. Kuhn remains indebted to the United States in the amount of $368,666.80, plus statutory additions, including interest, that continue to accrue.

## Count III – Injunction pursuant to 26 U.S.C. § 7402(a)

29.     The United States incorporates by reference the allegations in paragraphs 1-6 and 12-28 as if fully set forth herein.

30.     The United States seeks an injunction against Kuhn pursuant to 26 U.S.C. § 7402(a), which authorizes this Court to issue orders of injunction "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under that statute "are in addition to and not exclusive of any and all other remedies." 26 U.S.C. § 7402(a).

31.     An injunction by this Court ordering Kuhn to comply with his business' federal tax obligations is necessary or appropriate for enforcement of the internal revenue laws and to prevent continued violations of those laws.

32.     Kuhn has substantially interfered with, and continues to interfere with, the internal revenue laws, by failing to collect and pay over to the IRS his employment and unemployment tax obligations; failing to make employment tax deposits timely and in full; and failing to timely file employment and unemployment tax returns.

33.     For the majority of the quarters and tax years described in Count II of this complaint, Kuhn did not make any payments and the IRS did not otherwise collect any tax.

34.     The United States has suffered and continues to suffer irreparable harm as a result of Kuhn's interference with federal tax administration and violation of federal tax statutes, including but not limited to loss of tax revenue, including the loss of the employees' FICA and income taxes for which Kuhn's employees have already received credit from the Internal Revenue Service and the Social Security Administration, and the drain on limited IRS resources due to the IRS's extensive attempts to bring Kuhn into compliance.

35.     An injunction, backed by the threat of coercive judicial sanctions for noncompliance, will compel Kuhn to comply with the tax laws by timely filing tax returns and paying employment and unemployment taxes timely and in full. An injunction will not injure Kuhn but will merely compel him to conduct his business in a lawful manner.

36.     An injunction will serve the public good. The federal tax system relies upon employers to collect and remit to the United States the federal employment taxes they owe. The defendant's failure to make employment tax deposits and to pay over employment taxes undermines this system of tax collection. By using the unpaid taxes for his own purposes, defendant is exacting an involuntary subsidy from United States taxpayers and is also giving his business an unfair competitive advantage.

9

37.     Despite repeated attempts over many years, the IRS has been unable to prevent Kuhn from pyramiding employment tax liabilities. The United States lacks an adequate remedy at law to prevent continued pyramiding by Kuhn. A money judgment for existing unpaid tax liabilities cannot prevent him from continuing to accrue new employment and unemployment tax liabilities.

WHEREFORE, the United States requests that the Court enter judgment as follows:

A.      Enter judgment on Count I of this Complaint in favor of the United States and against Edward Kuhn for $93,979.35, with interest and all other statutory additions accruing according to law;

B.      Enter judgment on Count II of this Complaint in favor of the United States and against Edward Kuhn for $368,666.80, with interest and all other statutory additions accruing according to law;

C.      Enter judgment on Count III of this Complaint in favor of the United States and against Edward Kuhn and find that Kuhn has engaged and is engaging in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary or appropriate to prevent Edward Kuhn from interfering with the enforcement of the internal revenue laws;

D.      Enter an injunction, pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, ordering that:

1.      Edward Kuhn, on his own behalf and on behalf of any other employer entity that he controls, shall withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA and Medicare taxes;

2.      Edward Kuhn, on his own behalf and on behalf of any other employer entity that he controls, shall timely deposit withheld employee taxes, and employer FICA and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

3.      Edward Kuhn, on his own behalf and on behalf of any other employer entity that he controls, shall timely deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with federal deposit regulations;

4.      Edward Kuhn shall sign and deliver to a designated IRS revenue officer, or to such specific location as the IRS may deem appropriate, on the first day of each month, an affidavit stating that the required federal income taxes, FICA and Medicare taxes, and FUTA taxes were fully and timely deposited for each pay period during the prior month;

5.      Edward Kuhn, on his own behalf and on behalf of any other employer entity that he controls, shall timely file Form 941 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction, and provide a copy of each filed return to a designated IRS revenue officer in such manner as the IRS deems appropriate, within five days of filing;

6.      Edward Kuhn, on his own behalf and on behalf of any other employer entity that he controls, shall timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

7.      Edward Kuhn is enjoined from paying other creditors of his or from transferring, disbursing, or assigning any money, property, or assets of his after the date of the injunction order until after such time as the required deposits described in

paragraphs D-1 and D-2 above, and any liabilities described in paragraph D-6, have been paid in full, for any tax period ending after the injunction is issued;

       8.     Edward Kuhn is enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of his employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

       9.     For the five-year period beginning on the date this injunction order is entered, Edward Kuhn shall notify, in writing, such revenue officer as the IRS designates, if he comes to form, incorporate, own, or work in a managerial capacity for another business entity, within five business days of such event. Regardless of such notification, the preceding subparagraphs of this paragraph D shall apply to any employer entity controlled by Edward Kuhn.

E.     Require Edward Kuhn to deliver to all of his current employees a copy of the Court's findings and injunction, within 30 days of the date of the injunction order;

F.     Retain jurisdiction over this case for a five-year period to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance; and

G.     Granting the United States such other and further relief as the Court deems just

and proper, including costs and attorneys' fees.

Dated: March 1, 2019                              Respectfully submitted:

                                                  RICHARD ZUCKERMAN
                                                  Principal Deputy Assistant Attorney General
                                                  Tax Division

                                                  s/ Hilarie Snyder
                                                  _____
                                                  HILARIE SNYDER
                                                  Trial Attorney, Tax Division
                                                  U.S. Department of Justice
                                                  P.O. Box 7238
                                                  Washington, D.C. 20044
                                                  202-307-2708 (v)
                                                  202-514-6770 (f)
                                                  Hilarie.E.Snyder@usdoj.gov

JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Place an "X" in the appropriate box (required):   ☐ Green Bay Division     ☐ Milwaukee Division

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff _____ *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ *(IN U.S. PLAINTIFF CASES ONLY)* NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government    Plaintiff

☐ 2  U.S. Government    Defendant

☐ 3  Federal Question    *(U.S. Government Not a Party)*

☐ 4  Diversity    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | |
|---|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br><br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

for the
Eastern District of Wisconsin

|  |  |  |
|---|---|---|
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
|  | ) | |
|  | ) | |
|  | ) | |
|  | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you receive it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*STEPHEN C. DRIES, CLERK OF COURT*

Date: _____        _____
                                     *Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons and the attached complaint for *(name of individual and title, if any):*

_____

were received by me on *(date)* _____.

    ☐ I personally served the summons and the attached complaint on the individual at *(place):*

_____

_____ on *(date)* _____ ; or

    ☐ I left the summons and the attached complaint at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ☐ I served the summons and the attached complaint on *(name of individual)* _____

who is designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ☐ I returned the summons unexecuted because _____ ; or

    ☐ Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.: