IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 19-C-322

v.

EDWARD KUHN,

Defendant.

# JUDGMENT AND PERMANENT INJUNCTION

This matter comes before the Court upon the Motion for Entry of a Default Judgment against Defendant Edward Kuhn by plaintiff, United States, supported by a memorandum of law, Forms 4340, and the declaration of IRS Revenue Officer Technical Advisor Pat Kosmatka. After due consideration thereof and based on the Clerk's entry of a default against defendant, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1. The United States' Motion is GRANTED.

2. Defendant Edward Kuhn was properly served with a summons and complaint.

3. No answer or other defense has been filed by Defendant Edward Kuhn and the time within which he may respond to the complaint has expired.

4. Edward Kuhn is over the age of 18, not incompetent, and not on active duty in the military.

5. The Clerk of Court entered a default against Edward Kuhn on May 8, 2019.

6. Defendant Edward Kuhn is in default, and the United States is entitled to a default judgment in its favor and against Kuhn.

7. As to Count I of the Complaint, a default judgment is entered in favor of the United States and against Edward Kuhn in the amount of **$93,543.28**, plus statutory interest from June 14, 2019 until fully paid, for the following income tax (Form 1040) liabilities:

| Tax Period | Balance Thru June 14, 2019 |
|---|---|
| 2009 | $15,865.84 |
| 2010 | $7,010.11 |
| 2011 | $42,293.88 |
| 2012 | $9,192.04 |
| 2013 | $4,934.64 |
| 2014 | $14,246.77 |
| | **$93,543.28** |

8. As to Count II of the Complaint, a default judgment is entered in favor of the United States and against Edward Kuhn in the amount of **$ 369,113.39**, plus statutory interest from June 14, 2019 until fully paid, for the following employment tax (Form 941) liabilities:

| Tax Period | Balance Thru June 14, 2019 |
|---|---|
| March 31, 2014 | $33,616.52 |
| December 31, 2014 | $19,881.31 |
| March 31, 2015 | $24,925.92 |
| June 30, 2015 | $38,847.55 |
| September 30, 2015 | $38,628.33 |
| December 31, 2015 | $17,926.73 |
| March 31, 2016 | $15,714.06 |
| June 30, 2016 | $35,392.48 |

| | |
|---|---|
| September 30, 2016 | $50,176.90 |
| December 31, 2016 | $26,908.39 |
| March 31, 2017 | $8,151.19 |
| June 30, 2017 | $29,707.65 |
| September 30, 2017 | $29,236.36 |
| | **$369,113.39** |

9. As to Count III of the Complaint, a declaratory judgment and an injunction is entered in favor of the United States and against Edward Kuhn. Edward Kuhn has engaged and is engaging in conduct that interferes with the enforcement of the internal revenue laws by failing to timely and fully pay his Form 940 and Form 941 federal tax liabilities and failing to timely file his Forms 940 and 941. Thus, injunctive relief, under 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, is necessary or appropriate to prevent Edward Kuhn from interfering with the enforcement of the internal revenue laws. A permanent injunction is entered against Edward Kuhn, enforceable for five (5) years from the date of the judgment, as follows:

a. Parties Covered by Injunction: This injunction binds Edward Kuhn, as well as all persons in concert or participation with him. Where the terms of the injunction require Edward Kuhn to take action, such requirement shall equally apply to any future business which Edward Kuhn controls, manages, or owns.

b. Withholding Requirement: Edward Kuhn shall withhold federal income taxes and the employee portion of Federal Insurance Contributions Act ("FICA") (which include Social Security and Medicare taxes) from the wages of Kuhn's employees when wages are paid;

c. Deposit Requirements: In accordance with federal deposit regulations, Edward Kuhn shall timely deposit to the Internal Revenue Service using the Department of Treasury's Electronic Federal Tax Payment System ("EFTPS") withheld income and FICA taxes, as well as Kuhn's share of FICA taxes and his Federal Unemployment Tax Act ("FUTA") taxes.

d. Reporting Requirements: Within five (5) business days after Edward Kuhn makes a federal tax deposit as required by paragraph (c) above, Edward Kuhn shall send by facsimile to IRS Revenue Officer Megan Salazar at 877-634-2993, or to such other IRS employee designated by the United States, the receipt, deposit slip, or other proof that the tax deposits have been made, and a copy of the payroll report showing the amount that should be deposited. On the first day of each month, Edward Kuhn shall also sign and send by facsimile an affidavit to Salazar, or to such other IRS employee designated by the United States, stating that Kuhn has personally ensured that for each pay period during the prior month, the required federal income taxes, FICA, and FUTA taxes were fully and timely deposited with the IRS;

e. Return Requirements: Edward Kuhn shall timely file with the IRS all of his Form 941, Employer's Quarterly Federal Tax Returns, and Form 940, Employer's Annual Federal Unemployment Tax Returns, at the address and in the manner identified in the Instructions for Form 941 and Instructions for Form 940, both of which are available at www.irs.gov. Within five (5) business days after filing the Forms 940 and 941 with the IRS, Edward Kuhn shall fax copies of the filed Forms to IRS Revenue Officer Salazar or to such other IRS employee designated by the United States;

f. Tax Priority: From the date the permanent injunction is entered, Edward Kuhn is prohibited from paying his other creditors before timely and fully paying his Form 941 and Form 940 tax liabilities required by paragraph 9.c. of this Order as they come due.

g. Transfer Prohibition: Edward Kuhn is prohibited from transferring, disbursing, or assigning any of his money, property, or assets after the date of the injunction order if the Form 941 and Form 940 liabilities required by paragraph (c) of this Order have not been fully paid.

h. Notification of New Business or Transfer of Assets: Within five (5) business days, Edward Kuhn shall provide notification by facsimile to IRS Revenue Officer Salazar, or such other IRS employee designated by the United States, if Edward Kuhn's millwright and scrap business (1) merges with another company, (2) stops doing business, (3) assumes a new name, (4) transfers substantially all of its physical assets to another entity or individual, or (5) transfers any of its intangible assets (including, but not limited to, customer lists or goodwill) to another individual or entity. Within five (5) business days, Edward Kuhn shall notify IRS Revenue Officer Salazar, or such other IRS employee designated by the United States, of any new company or business he may come to own, manage, control, or work for.

10. The United States is permitted to engage in post-judgment discovery to ensure compliance with this permanent injunction.

11. The Court shall retain jurisdiction for the purposes of implementing and enforcing this injunction and entering all additional decrees and orders necessary and appropriate for the public interest.

12. The Clerk of Court shall enter this judgment.

Dated this 28th day of June, 2019.

s/ William C. Griesbach
William Griesbach, Chief Judge
United States District Court - WIED