IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD KUHN,<br><br>Defendant. | ) | Case No. 1:19-cv-322-WCG |

**MEMORANDUM IN SUPPORT OF SECOND MOTION FOR ORDER TO SHOW CAUSE AND TO HOLD EDWARD KUHN IN CIVIL CONTEMPT**

Edward Kuhn should be held in contempt for his blatant and continuous violations of the Court's Judgment and Permanent Injunction dated June 28, 2019 ("Injunction"), by failing to deposit withheld employment taxes, failing to timely file employment and unemployment tax returns, and failing to pay those taxes when due. Kuhn has continued to violate the Injunction despite substantial efforts by the government and this Court, including the appointment of a receiver in September 2023. Kuhn's flagrant and continuous disregard for the Court's Orders and federal tax laws warrant additional sanctions. Accordingly, the United States asks that Kuhn be held in contempt and required to cease operating his business. Further, Kuhn should be prohibited, for a period of ten years, from occupying any position within a business for which he would have the responsibility for collecting, truthfully accounting for, paying, withholding, or filing any taxes pursuant to the Internal Revenue Code, including but not limited to employment taxes.

# I. Background

## A. The Injunction

On June 28, 2019, this Court entered a permanent injunction against Defendant Edward Kuhn, the sole proprietor of a millwright business, arising from his persistent non-compliance with his federal employment and unemployment tax reporting and payment obligations. (*See* Judgment and Permanent Injunction, ECF No. 9.) As of the date of the Injunction, Kuhn owed the government over $369,000 in unpaid employment tax liabilities for tax years 2014 through 2017 and over $93,000 in unpaid federal income tax liabilities for tax years 2009 through 2014. (*Id.*)

The Injunction required Kuhn to:

- withhold federal income taxes and the employee portion of Federal Insurance Contributions Act ("FICA") from the wages of Kuhn's employees when wages are paid;
- timely deposit to the Internal Revenue Service using the Department of Treasury's Electronic Federal Tax Payment System ("EFTPS") withheld income and FICA taxes, as well as Kuhn's share of FICA taxes and his Federal Unemployment Tax Act ("FUTA") taxes;
- within five business days of making the required federal tax deposit payments, send proof that the payment was deposited to the designated IRS employee via facsimile, along with a copy of the payroll report showing the amount that should be deposited;

- sign and send the designated IRS employee, via facsimile on the first day of each month, an affidavit personally ensuring that the required federal income taxes, FICA, and FUTA taxes were fully and timely deposited with the IRS for each pay period during the prior month;
- timely file with the IRS all of his Form 941, Employer's Quarterly Federal Tax Returns, and Form 940, Employer's Annual Federal Unemployment Tax Returns;
- fax copies of the filed Forms 941 and 940 to the designated IRS employee within five business days of filing the forms; and
- notify the designated IRS employee, within five business days, if he comes into a new business or if his current business merges with another company, stops operating, assumes a new name, or transfers any assets.

(ECF No. 9.) The Injunction also prohibited Kuhn from paying his other creditors or transferring, disbursing, or assigning his money, property, or assets before paying Form 941 and 940 tax liabilities. (*See id.*)

**B. Kuhn's failure to comply with the Injunction**

Since the Court entered the Injunction, Kuhn has been noncompliant with his filing and payment obligations. Specifically, Kuhn has failed to deposit or pay any federal employment tax (Forms 941) for tax periods ending: June 30, 2019; September 30, 2019; December 31, 2019; March 31, 2020; June 30, 2020; September 30, 2020; December 31, 2020; March 31, 2021; June 30, 2021; September 30, 2021; December 31, 2021; March 31, 2022; June 30, 2022; September 30, 2022; December 31, 2022; March 31, 2023; June

30, 2023; September 30, 2023; December 31, 2023; and March 31, 2024. (*See* Declaration of IRS Revenue Officer Cassidy White ¶ 10.) And Kuhn has not paid any federal unemployment tax (Forms 940) toward tax periods ending in 2019, 2020, 2021, 2022, and 2023. (*Id.*) Kuhn has filed the required tax form for just 15 of those 24 tax periods. (*Id.* ¶ 8.) All 15 returns were filed after their respective deadlines. (*Id.*) As of January 15, 2024, Kuhn has incurred an additional $435,341.01 in tax, penalty, and interest for those fifteen tax periods. (*Id.* ¶ 7.)

In aid of enforcement of the Injunction—and as explicitly permitted by paragraph 10 of the Injunction—on July 30, 2021, the United States served Kuhn with interrogatories and requests for production of documents seeking information regarding the operation of his business; wages paid to his employees; and federal taxes reported, withheld, and paid. (*See* ECF No. 21, Declaration of Christopher F. Suenram ¶ 2; ECF No. 21, Exhibits 1 and 2.) Both the requests for production of documents and the interrogatories specifically sought information and materials that would bring Kuhn into compliance with the Injunction. (*See* ECF Nos. 21-1, 21-2.) This Court ordered Kuhn to respond to the United States' interrogatories and requests for production of documents during a telephonic hearing in April 2022 and again when it granted the United States' motion to compel in June 2022. (*See* ECF Nos. 24, 30.)

Unfazed by the additional Court Orders, Kuhn remained non-compliant, and the government was forced to move for contempt. During the show cause hearing on July 24, 2023, Kuhn confirmed that he has five employees and that his business is operational. (*See* ECF No. 37.) The Court found that there was no dispute and held that Kuhn was in civil

contempt of the Injunction. (*See id.*) As a sanction for his contempt, the Court appointed a receiver to take over Kuhn's financial responsibilities and help him get into compliance. (ECF No. 40.) In November 2023, the receiver reported that Kuhn failed to provide all the necessary information and failed to continue communicating with the receiver. (*See* ECF No. 41 ¶¶ 8, 9.) As of the date of this filing, Kuhn still has not provided any documents to the receiver. (*See* Declaration of Appointed Receiver Paul G. Swanson ¶ 5.)

The Court held another telephonic status conference on January 16, 2024. (*See* ECF No. 42.) Thirty-five minutes before that conference was scheduled to begin, undersigned counsel received an email from Kuhn's accountant, asking for a list of the tax returns that Kuhn had failed to file. (*See* Declaration of Trial Attorney Elizabeth Kirby ¶ 3.) Subsequently, Kuhn's accountant informed undersigned counsel that he provided Kuhn with IRS payment vouchers so that Kuhn could mail tax payments to the IRS. (*See id.* ¶ 4.) Because Kuhn has willfully defied this Court's Orders for over four and a half years, the government again asks that he be held in contempt as discussed more thoroughly below.

## II. Legal Argument

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). This power may be employed to coerce the defendant into compliance with a court order. *Chicago Truck Drivers v. Brotherhood Lab. Leasing*, 207 F.3d 500, 505 (8th Cir. 2000).

To be held in civil contempt, Kuhn must have violated the Court's specific, unequivocal order. *See United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001). To meet its burden, the United States must prove, by clear and convincing evidence, that: 1) the

Court's Order set forth an unambiguous command; 2) Kuhn violated that command; 3) Kuhn's violation was significant enough that he did not substantially comply with the Court's Order; and 4) Kuhn did not take steps to diligently and reasonably comply with the Court's Order. *See Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008). "A party in a civil contempt action is required to at least 'make a good faith effort to comply with the district court's order.'" *Am. Fam. Mut. Ins. Co. v. Roth*, No. 05 C 3839, 2008 WL 168693, at *3 (N.D. Ill. Jan. 15, 2008) (citing *Am. Fletcher Mortg. Co. v. Bass*, 688 F.2d 513, 517 (7th Cir. 1982)). The failure to comply need not be willful. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).

**A. Kuhn continues to violate the Court's June 28, 2019 Judgment and Permanent Injunction and must be held in contempt.**

The Injunction unambiguously required Kuhn to timely file and pay Forms 941 and 940, and to produce to the designated IRS employee proof that such filings and payments were made timely. (*See* ECF No. 9.) Kuhn was personally served with the Injunction on July 30, 2019. (*See* ECF No. 10.) Kuhn's obligations are explicitly laid out in the Court's Order. (*See id.*) Moreover, Kuhn has participated in numerous telephonic conferences and one show cause hearing with this Court wherein Kuhn's obligations to comply with the Injunction were discussed. (*See* ECF No. 24.) The Court's Orders were unambiguous and Kuhn has been aware of the Injunction and his court-ordered obligations.

Although Kuhn has known of his court-ordered obligations, Kuhn continues to violate the Court's Order. Kuhn has not timely deposited federal taxes withheld from his employees' pay, has not timely filed Forms 941, has not timely filed Forms 940, and has

not made any federal tax payments. (*See* Declaration of IRS Revenue Officer Cassidy White ¶¶ 6, 7, 8, 10.) In fact, in the four and half years since the Injunction was entered, Kuhn has incurred an additional $435,341.01 of employment tax liability. (*Id.* ¶ 7.) In short, Kuhn has not made any effort to comply with the Court's Injunction.

Accordingly, Kuhn has not only violated the Injunction, but his violation is substantial. *See, e.g.*, *Palmer v. City of Decatur*, No. 17-CV-3268, 2019 U.S. Dist. LEXIS 243543, at *10 (C.D. Ill. Sep. 24, 2019) (finding defendant's violation of the court's order to sit for a deposition to be significant where five months later defendant still refused to sit for court-ordered deposition). The Court should thus hold Kuhn in civil contempt of its Injunction.

**B. The Court should enter sanctions against Kuhn requiring him to cease business and prohibiting him from maintaining employees.**

It is within a court's broad discretion to fashion a civil contempt remedy that it deems appropriate under the circumstances. *F.T.C. v. Trudeau*, 579 F.3d 754, 777 (7th Cir. 2009) (citing *Connolly v. J.T. Ventures*, 851 F.2d 930, 933 (7th Cir. 1988)). Such a remedy may either seek to coerce the contemnor into action or to compensate those harmed for the contemnor's violation. *Id.* A court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947).

To date, court orders, contempt findings, threats of incarceration, and the appointment of a receiver have been ineffective at bringing Kuhn into compliance. He has

made promises to both the government and to this Honorable Court that he would make payments and file returns. Instead, he willfully skirts his responsibilities, continuing to pyramid his employment and unemployment tax liabilities. His non-compliance has inflicted, and continues to inflict, significant financial harm on the United States. As of January 15, 2024, Kuhn owes the government $435,341.01 for 2019, 2020, 2021, and 2022 employment taxes. (*See* Declaration of IRS Revenue Officer Cassidy White ¶ 7.) When added with the 941 periods included in the 2019 judgment, Kuhn's known employment tax liability is currently $890,685.46. (*See id.* ¶ 9.) Kuhn's flagrant defiance also requires the government to devote considerable time and resources on attempts to bring Kuhn into compliance.

The only sanction that could be effective at this point is to order Kuhn to cease operating his business and prohibit him from occupying a position wherein he would be responsible for collecting, accounting for, paying, withholding, or filing federal taxes, including employment taxes. This sanction does not preclude Kuhn from earning a living or from operating a business without employees. It would merely prohibit him from managing the tax withholdings of others. Thus, it protects the government—and Kuhn's employees—from misuse of funds. *See, e.g.*, *United States v. Hawk*, No. 12-3311, 2015 WL 6500920, at *2 (C.D. Ill. Oct. 27, 2015) ("Hawk's failure to pay the Defendant's payroll taxes makes the United States an involuntary creditor, and the business's failure to turn over funds that it withholds from its employees' paychecks is especially nefarious. It amounts to conversion of the United States' property."). Other courts have taken similar actions in the case of repeated noncompliance with injunctions relating to payroll tax

compliance. *See, e.g.*, *United States v. Americanway Mgmt. Corp.*, No. 3:16-CV-26, 2017 WL 5514183 (W.D. Wis. Nov. 16, 2017) (modifying the permanent injunction to enjoin the defendant from operating business or maintaining a position with tax responsibility for ten years after evidence showed that she violated the court's original injunction by: accruing an additional $400,000 in employment tax liabilities; making only one employment tax deposit in eighteen months; and prioritizing her own pay over payments to the United States); *United States v. Jiffy Cleaners of Hartsdale, Inc.*, No. 16-cv-2428, 2020 WL 4284155 (S.D.N.Y. July 27, 2020) (finding defendants to be in contempt of judgment requiring them to timely deposit, file, and pay employment taxes and sanctioning defendants by prohibiting them from operating their business or holding a position responsible for federal taxes for a period of five years); *United States v. Baker Funeral Home, Ltd.*, No. 2:11-cv-7316, ECF No. 112 (E.D. Pa. May 24, 2017) (ordering defendants to cease operations because contempt evidence proved that defendants were "virtually certain to continue interfering with the enforcement of the federal tax laws" (referencing contempt findings in 196 F. Supp. 3d 530)). Kuhn's years of conduct have shown that he is unable and unwilling to comply with the Court's Orders and the Internal Revenue laws and that the requested sanctions are necessary.

## III. Conclusion

Kuhn willfully continues to defy this Court's Orders. He has not complied with federal tax laws, the Court's injunction, or the Court's subsequent orders. This Court has already found Kuhn in contempt and still nothing has changed. Kuhn refuses to obey this Court's Orders, and no lesser remedy has inspired Kuhn to comply. Kuhn's flagrant and

continuous disregard for the Court's orders and federal tax laws warrant additional sanctions. Accordingly, the United States asks that Kuhn be held in contempt and required to cease operating his business. Further, Kuhn should be prohibited, for a period of ten years, from occupying any position within a business for which he would have the responsibility for collecting, truthfully accounting for, paying, withholding, or filing any taxes pursuant to the Internal Revenue Code, including but not limited to employment taxes.

Dated: January 25, 2024

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Elizabeth A. Kirby*

ELIZABETH A. KIRBY
Texas Bar No. 24104199
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
202-305-8656 (v)
202-514-6770 (f)
elizabeth.a.kirby@usdoj.gov